# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANA E. MCCALLA,<br><br>    Plaintiff,<br><br>v.<br><br>ANGELA THOMPSON, LORI DOEHLING, HOLLY A. GUNDERSON, SARAH DEHLING, DEBRA BELLIN, TIFFANY GIMENEZ, SHARI KLENEKY, JENNIFER DALY, TINA CRONN, DEBRA OLSEN, and CINDY BARTER,<br><br>    Defendants. | Case No. 18-CV-1895-JPS<br><br>**ORDER** |

  Plaintiff has been allowed to proceed on a claim of deliberate indifference to his serious medical needs. (Docket #12 at 7-8). Now that all Defendants have been served and have entered appearances in this case, the Court will issue a scheduling order. The Court will also address three motions filed by Plaintiff since its last order of May 28, 2019. The first motion is one for reconsideration of the denial of a prior motion for appointment of counsel. (Docket #50). The Court will treat the motion as a renewed request for appointed counsel.

  As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent a plaintiff if: (1) he has made reasonable

attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to the court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018). The appointment of counsel is severely limited by the practical realities in this area of law, namely that very few lawyers are willing to be appointed to take on prisoner-filed cases, while hundreds of prisoner-plaintiffs file new cases every year.

As to the first *Pruitt* element, Plaintiff has provided letters demonstrating his attempts to obtain counsel on his own, and his inability to secure representation. (Docket #50-1). The Court will, therefore, conclude that the first element is met at this time. However, the second *Pruitt* element is not established. Plaintiff's filings have been clear and cogent, and he displays a complete understanding of his claims and the facts underlying them. Indeed, the instant motion is primarily one seeking appointment of a medical expert. Plaintiff states that knows that he needs expert medical testimony to prove his claim, and so requests that the Court appoint a specialist doctor to serve as his expert. *See* (Docket #50 at 2–3).

If Plaintiff desires an expert to bolster his claims, he should hire one. The Court will not appoint him counsel so that the appointed lawyer will pay the expert's bill (which that lawyer may then seek reimbursement for from the taxpayer). In other words, Plaintiff is not entitled to use the Court's resources to subsidize his litigation efforts. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); *Ray v. City of Milwaukee*, Case No. 06-CV-1226-WCG, 2008 WL 2785631, at *1–2 (E.D. Wis. July 16, 2008).

Plaintiff's second motion requests entry of default judgment against Defendant Debra Olsen ("Olsen"). (Docket #55). But Olsen has already answered the operative complaint. (Docket #38). She is not in default.

Plaintiff's third motion complains that prison officials are not permitting him to use legal loan funds for certain expenses. (Docket #57). He asks that he be permitted to use his release account funds to pay the expenses. This Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Denying prisoners the use of their release accounts to fund litigation costs is also prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody." *Id.* Permitting a prisoner to invade that account for litigation costs could be a detriment to that prisoner's likelihood of success post-incarceration, *see* Wis. Admin. Code § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is overly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell*, 352 F.3d at 1111; thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams*

*v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). The Court will, therefore, deny Plaintiff's request to use his release account funds to pay any litigation expenses in this matter. As to his disputes with prison officials over legal loans, that is a matter between Plaintiff and the officials. The Court cannot override state policy and procedure on such matters.

In light of the foregoing, each of Plaintiff's motions must be denied. The Court will issue the scheduling order separately from this order.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for reconsideration, (Docket #50), for default judgment, (Docket #55), and for access to release account funds, (Docket #57), be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge