# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANA E. MCCALLA,<br><br>        Plaintiff,<br><br>v.<br><br>ANGELA THOMPSON, LORI DOEHLING, RN DEBRA BELLIN, LPN TIFFANY GIMENEZ, RN SHARI KLENEKY, RN JENNIFER DALY, and RN CINDY BARTER,<br><br>        Defendants. | Case No. 18-CV-1895-JPS<br><br>**ORDER** |

  Plaintiff, a prisoner proceeding *pro se*, filed a complaint and an amended complaint alleging violations of his constitutional rights when he did not timely receive medications and his resulting injuries were ignored. (Docket #1, #11). On January 8, 2019, Magistrate Judge William E. Duffin screened the amended complaint and allowed Plaintiff to proceed on a claim for deliberate indifference to a serious medical need, in violation of the Eighth Amendment, against certain named defendants and unknown John/Jane Doe defendants. (Docket #12).

  Plaintiff subsequently filed a second amended complaint which identified the Doe defendants. (Docket #20). On March 21, 2019, Magistrate Judge Duffin ordered that the second amended complaint be the operative complaint. (Docket #21). As relevant here, that complaint was brought against defendants including LPN Sarah Dehling ("Dehling") and LPN Tiffany Gimenez ("Gimenez").

This case was subsequently reassigned to this branch of the Court for disposition. On September 11, 2019, Defendants Gimenez and Dehling filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies on the claims against them. (Docket #76). This motion has been fully briefed, and for the reasons explained below, will be denied. The Court will also address several other pending motions.[1]

## 1. STANDARD OF REVIEW

### 1.1 Summary Judgment

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

### 1.2 Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. §

---

[1] The Court will not rule on the two other summary judgment motions pending in this action, (Docket #110 and #117), as they are not yet fully briefed.

1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections ("DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of

Page 3 of 10
Case 2:18-cv-01895-JPS   Filed 09/14/20   Page 3 of 10   Document 128

the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[2] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the reviewing authority accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when either he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

On March 23, 2016, Plaintiff submitted RGCI-2016-6478. Plaintiff alleged that he was denied appropriate care when he did not receive his medication in a timely manner. (Docket #79-1). The complaint was accepted

---

[2]The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

and affirmed by the ICE and the reviewing authority. Specifically, the ICE's summary states: "There was a delay in his receiving this medication. Corrective action has been taken as appropriate to address this oversight." (*Id.* at 5).

On April 19, 2017, Plaintiff submitted RGCI-2017-10643, alleging that he was denied appropriate care when he was not given his medication on time. (Docket #79-3). The complaint was accepted and affirmed by the ICE and the reviewing authority. The ICE summary states: "As noted by HSUM, an issue was identified and staff training will [] occur to address the issue." (*Id.* at 4).

On December 15, 2017, Plaintiff submitted RGCI-2017-32019, alleging that he was denied appropriate care when he did not receive his medication on time. (Docket #79-4). The complaint was accepted and affirmed by the ICE and the reviewing authority. The reviewing authority noted "LPNs to be instructed on the need to contact Central Pharmacy for STAT needs or get locally where indicated." (*Id.* at 5).

On June 23, 2018, Plaintiff submitted RGCI-2018-13819, alleging that he was denied appropriate care because he was (and had consistently been) denied his medication in a timely fashion and his health had suffered because of it. (Docket #79-5 at 7). The complaint was accepted and affirmed by the ICE and the reviewing authority. The ICE summary states: "Based on correspondence received from inmate McCalla it was determined that the medication was not dispensed to the inmate and it was found to have been placed in the medication cart at HSU in error. This placement error did cause the inmate to be without the medication for 5 days." (*Id.* at 5).

On August 30, 2018, Plaintiff submitted RGCI-2018-18571, alleging that he was denied and/or delayed a medication refill. (Docket #79-6) The

complaint was accepted and affirmed by the ICE and the reviewing authority. The ICE summary states:

> When the inmate requested a refill the order had expired. On 8/22/18 the LPN informed the MD of the medication expiration. The MD did renew the order however in error the order was only renewed for 2 days. On 8/31/18 an active order was written. The delay in the medication was not intentional as the LPN had informed the MD of the need to renew the order. However an error did occur causing for the inmate to be without his medication for a period of time.

(*Id.* at 5).

Finally, on September 25, 2018, Plaintiff submitted RGCI-2018-20447, alleging that the health services unit nursing staff denied him medication. (Docket #79-7). The complaint was accepted, and the ICE recommended dismissal. The ICE summary states that "[i]n review of DAI Policy 500.80.27 and the RGCI Inmate Handbook inmates are to request medication refills when they are down to a 5 to 7 day supply." (*Id.* at 2). Plaintiff was already out of medication when he made the refill request. "The delay in medication is due to the inmate not following the timelines and procedure for requesting a refill." (*Id.*) The reviewing authority dismissed the complaint. Plaintiff appealed to the CCE on November 2, 2018. The CCE recommended dismissal. (*Id.* at 9). The Secretary received the CCE recommendation and decided to dismiss the appeal on November 16, 2018. (*Id.*)

### 4. ANALYSIS

To start, it must be noted that Defendant Dehling has been voluntarily dismissed from this action.[3] (Docket #122). Thus, the Court will

---

[3] On June 23, 2020, the Court granted Plaintiff's motions for voluntary dismissal and dismissed Defendant Dehling (among others) with prejudice from this action. (Docket #87, #93, #122).

not address the arguments regarding exhaustion of claims against Dehling, as they are moot.

Defendant Gimenez alleges that Plaintiff did not exhaust the available administrative remedies because Plaintiff did not name Gimenez or sufficiently describe her alleged deliberately indifferent care in any of his complaints to the ICE. (Docket #77 at 8–12). Plaintiff responds by stating he did exhaust the administrative remedies because Gimenez's name was on the evidence he submitted to the ICE and he talked to her in specific instances regarding his complaints. (Docket #81 at 8–16).

Defendant Gimenez's focus on whether or not she was named in Plaintiff's inmate complaints is misplaced. To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218–19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"). A prisoner need not name a specific individual in his complaint in order to satisfy the requirements of exhaustion under 42 U.S.C. § 1997e(a). Plaintiff only had to name Gimenez in the inmate complaints if the prison grievance system or Wis. Admin. Code § DOC 310.07 required it, and it is *not required* in either. Thus, Defendant's first argument regarding exhaustion fails.

Exhaustion is met if Plaintiff's inmate complaints contained "sufficient information for the department to investigate and decide the

complaint." *Id.* § DOC 310.07(6). In each of Plaintiff's inmate complaints,[4] he identifies that he is not obtaining his medication in a timely manner. (Docket #79-1, #79-3–#79-7). In five of the six inmate complaints, the ICE and the reviewing authority affirmed Plaintiff's complaint and indicated that he was not given his medication on time. (*Id.*) Additionally, some of the ICE recommendation forms indicate a need for training or other direction to address the issue. (Docket #79-3, #79-4). Based on the inmate complaints and the ICE recommendations and reports, it is clear that the prison officials were made aware of the issue that Plaintiff was not being given his medication in a timely manner. Further, the prison officials began to take actions to address the issues presented by Plaintiff.

The purpose of the exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006); *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). Based on the inmate complaints and ICE reports, it is clear that the prison officials were put on notice of the issues that Plaintiff alleges in this action. Therefore, Defendant Gimenez has not met her burden of establishing that Plaintiff failed to exhaust his administrative remedies.

## 5. CONCLUSION

Defendant Gimenez has not met her burden to establish that Plaintiff did not exhaust his claims. Plaintiff's inmate complaints and the ICE

---

[4]RGCI-2016-6478, RGCI-2017-10643, RGCI-2017-32019, RGCI-2018-13819, RGCI-2018-18571, RGCI-2018-20447.(Docket #79, #79-1, #79-3–#79-7).

records indicate that he provided sufficient information for the department to investigate his claims. Thus, the Court must deny Defendant Gimenez's motion for summary judgment on exhaustion grounds. (Docket #76).

The Court briefly turns to other pending motions. Plaintiff's request that the Court admonish prison officials for interfering with legal mail must be denied, as it seeks relief the Court is unable to provide. (Docket #85). Additionally, Plaintiff seeks a second extension of time to respond to other pending summary judgment motions. (Docket #127). Plaintiff's motion will be granted due to his limited access to the law library during the COVID-19 pandemic. However, the Court notes that this will be the last extension of time the Court will grant to Plaintiff.

Accordingly,

**IT IS ORDERED** that Defendant Tiffany Gimenez's motion for summary judgment on exhaustion grounds (Docket #76) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order admonishing prison officials for interfering with legal mail (Docket #85) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to respond to other pending summary judgment motions (Docket #127) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file his responses to Defendants' summary judgment motions (Docket #110 and #117) on or before **October 15, 2020**. **No further extensions will be granted**.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge