# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANA E. MCCALLA,

    Plaintiff,

v.

ANGELA THOMPSON, LORI DOEHLING, R.N. DEBRA BELLIN, L.P.N. TIFFANY GIMENEZ, R.N. SHARI KLENKE, R.N. JENNIFER DALY, and R.N. CINDY BARTER,

    Defendants.

Case No. 18-CV-1895-JPS

**ORDER**

    Plaintiff, a prisoner proceeding *pro se*, filed a complaint and an amended complaint alleging violations of his constitutional rights when he did not timely receive medications and his resulting injuries were ignored. (Docket #1, #11). On June 1, 2020, Defendants Cindy Barter, Debra Bellin, Jennifer Daly, Lori Doehling, Shari Klenke, and Angela Thompson filed a motion for summary judgment, (Docket #110), as did Defendant Tiffany Gimenez, (Docket #117). On March 5, 2021 the Court granted Defendants' motions for summary judgment and dismissed the case with prejudice. (Docket #145, #146). On March 29, 2021, Plaintiff filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), ("Rule 59(e)"), and 60(b)(6), ("Rule 60(b)"). (Docket #156).

    Rule 59(e) permits a party to ask for alteration or amendment of a judgment within twenty-eight days of the judgment's issuance. Fed. R. Civ. P. 59(e). Plaintiff's motion was timely filed, and so the Court may consider its merits. Nevertheless, the standard that Plaintiff must meet to have his

motion granted is steep. A Rule 59(e) motion may be granted only where the movant clearly establishes: "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019); *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) ("District courts need not grant Rule 59(e) motions to advance arguments or theories that could and should have been made *before* the district court rendered a judgment.") (emphasis added) (internal quotation omitted).

Rule 60(b) allows the Court to vacate a prior order based on, *inter alia*, a mistake, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014). Rule 60(b) does not exist to give losing parties a second bite at the apple, particularly when the evidence or argument they should have presented was within their grasp at the opportune moment. *See Buchanan v. Ill. Dep't of Human Servs.*, 15 F. App'x 366, 369 (7th Cir. 2001); *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 391–92 (1993) ("Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'"). Plaintiff's motion does not merit relief under Rule 60(b) because it merely disagrees with the Court's conclusions, rather than addressing any of the specific issues listed by the Rule. Simply asserting "that the . . . court's underlying judgment was wrong . . . is an impermissible

use of Rule 60(b)." *Tylon v. City of Chicago*, 97 F. App'x 680, 681 (7th Cir. 2004).

Plaintiff's arguments are largely the same ones he made in his summary judgment briefings. Additionally, Plaintiff makes arguments he could have brought up in his summary judgment briefings, but chose not to. Plaintiff has not provided any arguments or explanations as to what manifest errors of law the Court made in granting Defendants' motions for summary judgment. Additionally, Plaintiff has not provided any new evidence that would preclude entry of judgment in this case. In sum, Plaintiff is disappointed and disagrees with this Court's decision and judgment. However, his disagreement is insufficient to warrant relief under Rule 59(e) or Rule 60(b). Plaintiff's motion will, therefore, be denied

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #156) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 12th day of May, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge